IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL AND GABRIELA YONG, as Parents, Guardians, and Next Friends of TIFFANY YONG, <br><br>Plaintiffs, <br><br>v. <br><br>THE NEMOURS FOUNDATION, <br><br>Defendant. | ) ) ) ) ) ) ) ) C.A. No. 02-147 (JJF) ) ) ) ) ) |

PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER
TO SET RETRIAL DATE AND ALLOW LIMITED DISCOVERY

Plaintiffs represent to the Court as follows:

1. This case was tried to a jury and resulted in a mistrial declared by the Court on March 3, 2006 due to jury disagreement.

2. Plaintiffs respectfully request permission to do the following in the interests of a just and proper presentation of evidence at the retrial:

   (a) Conduct limited interrogation of Dr. Norwood to inquire into the terms of the settlement reached in Norwood, et al. v. Nemours Foundation, Del. Super. Ct., C.A. No. 04C-05-228 (RRC), concerning, in particular, his willingness to testify on behalf of the defendant and the consideration he received for that cooperation.

   (b) Request production of medical records concerning the two circulatory arrest surgical procedures that defendant's expert witness (Erle H. Austin, III, M.D.) testified he recently conducted. At Dr. Austin's deposition, taken December 16, 2004, he

disclosed a 25-year history of never having utilized circulatory arrest in connection with a Fontan surgical procedure. The testimony about the recent use of circulatory arrest was elicited on direct examination by defense counsel, and plaintiffs were at a complete disadvantage to inquire into the particulars of those surgeries, including the level of cooling that was utilized and the period of time over which cooling occurred. This request can be satisfied by production of the operative reports, perfusion records, and anesthesia records for each of the two surgeries, with redaction of patients' names.

    (c) Depose W. Jeffrey Wadsworth regarding the affidavit he signed on the eve of trial purporting to state the reasons for defendant's discharge of Dr. Norwood in February, 2004.

    (d) Designation by plaintiffs of a pediatric cardiac surgeon expert who will submit a disclosure report and submit to a deposition. The jury in the first trial specifically inquired whether plaintiffs' anesthesiology expert, whose competence to testify as a witness was repeatedly attacked by the defense, was permitted by Delaware law to testify as an expert.

    (e) Designation by plaintiffs of a life-care planner for Tiffany Yong.

    Respectfully submitted,

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ B. T. C./*

Ben T. Castle (520)
Neilli Mullen Walsh (2707)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6618/6603
Attorneys for Plaintiffs

Dated: 3/8/06