IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL and GABRIELA YONG, as Parents, Guardians, and Next Friends of TIFFANY YONG, : : : : Plaintiffs, : : v. : : THE NEMOURS FOUNDATION, : : Defendant. : | Civil Action No. 02-147-JJF |

Ben T. Castle, Esquire and Neilli Mullen Walsh, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Attorneys for Plaintiffs.

Albert H. Manwaring, Esquire and Phillip Mellet, Esquire of PEPPER HAMILTON LLP, Wilmington, Delaware.
Of Counsel: Christopher W. Wasson, Esquire and Aline Fairweather, Esquire of PEPPER HAMILTON LLP, Philadelphia, Pennsylvania.
Attorneys for Defendant.

**MEMORANDUM OPINION**

June 2, 2006
Wilmington, Delaware

**Farnan, District Judge**

Plaintiffs filed a Motion To Amend Scheduling Order To Set Retrial Date And Allow Limited Discovery (D.I. 136). For the reasons discussed, the Court will grant the motion in part and deny it in part.

### BACKGROUND

Plaintiffs Michael and Gabriela Yong ("the Yongs"), suing as next friends of their daughter, Tiffany Yong, allege that Defendant, the Nemours Foundation ("Nemours") caused permanent injury to Tiffany through medical negligence and failure to obtain informed consent to the operation in which she was injured. The case was tried to a jury from February 27 to March 3, 2006. Because the jury was unable to reach a unanimous verdict, the Court declared a mistrial. (D.I. 143.) Retrial of the case is scheduled to commence on October 30, 2006.

By their Motion, the Yongs seek to conduct additional discovery prior to the retrial. Specifically, they request to depose Dr. William I. Norwood with regard to the settlement of a lawsuit between him and Nemours, to depose W. Jeffrey Wadsworth with regard to Nemours's termination of Dr. Norwood's employment, and to obtain medical records concerning two surgical procedures performed by Nemours's expert witness, Dr. Erle H. Austin. (D.I. 136.) The Yongs also seek to designate two new expert witnesses, a pediatric cardiac surgeon to replace the anesthesiologist who

1

testified at the first trial and a life-care planner for Tiffany Yong. (Id.) Nemours opposes the Yongs' Motion on the grounds that Nemours would be unduly prejudiced by the designation of new witnesses at this stage of the proceedings, (D.I. 151 at 5 & 7), that the Court has already ruled that evidence regarding Nemours's termination of Dr. Norwood is not relevant, (Id. at 7), that evidence regarding Nemours's settlement with Dr. Norwood is not relevant, (Id. at 8), and that the Yongs had an opportunity at trial to cross examine Dr. Austin about the surgical procedures in question, (Id. at 10).

## DISCUSSION

There is no statute, rule, or case that prohibits a court from doing what the Yongs ask. In its response, Nemours noted that courts presented with similar applications have developed standards that can guide a court in deciding the type of requests at issue here. In the Court's view, as a general rule, a retrial should not involve the addition of new issues, evidence, or witnesses. However, this general rule does not foreclose a party from demonstrating that an exception may be warranted in the appropriate circumstances.

In this case, the Yongs have requested limited discovery on certain matters. Nemours argued that the Yongs' request is an effort only "to plug the holes" the Yongs perceive may exist in their case. (D.I. 151 at 4.) After considering the Yongs'

requests in the context of this case, the Court has determined that the requests should be granted except the requests to designate and add a life-care planner witness for Tiffany Young and to depose W. Jeffrey Wadsworth.

### I. Limited Interrogation Of Dr. Norwood

Apparently, Dr. Norwood, who testified at trial for Nemours, has resolved litigation between Nemours and himself. The Court finds no undue prejudice to Nemours in allowing the Yongs to know the details of any settlement with the understanding that Nemours is not foreclosed from seeking to limit the use of the information obtained by the Yongs at trial.

### II. Circulatory Arrest Surgical Procedures Testified To By Defendant's Expert

At his deposition, Dr. Austin testified he had never utilized circulatory arrest in connection with a Fontan surgical procedure. On direct examination at trial, Dr. Austin testified he had recently utilized circulatory arrest. The Court finds no undue prejudice to Nemours in allowing the Yongs to have discovery on this testimony.

### III. Deposition Of W. Jeffrey Wadsworth

As Nemours has argued, the Court has ruled that the evidence sought is not admissible at trial. (D.I. 115) Therefore, the Court will deny the Yongs' request to Depose Mr. Wadsworth.

### IV. Designation By Plaintiffs Of Pediatric Cardiac Surgeon

Although the Court believes this request involves an effort

by the Yongs to address a perceived weakness in their case, the Court finds that Nemours will not suffer any undue prejudice. The Court understands that the pediatric cardiac surgeon will address the same issue the anesthesiologist, Dr. Tosone, did at the first trial, specifically the appropriateness of utilizing circulatory arrest in the subject operation.

At trial, Nemours properly challenged the Yongs' expert witness concerning his qualifications to opine on the conduct of a surgeon. Although Defendant may not be able to challenge the surgeon's qualifications in the same manner it challenged Dr. Tosone's, Defendant will be able to be unaffected in substantively defending Dr. Norwood's utilization of circulatory arrest.

## V.  Life Care Planner

The Court finds Plaintiffs' request to add a Life Care Planner would add new evidence and issues to the retrial, and therefore, should not be allowed.

### CONCLUSION

For the reasons discussed the Court will grant the Yongs' Motion with regard to the additional deposition of Dr. Norwood, the discovery from Dr. Austin's surgical procedures involving circulatory arrest, and the designation of a pediatric cardiac surgeon as the Yong's expert witness on medical negligence. The Court will deny the Motion with regard to the deposition of W.

Jeffrey Wadsworth and the designation of a life-care planner for Tiffany Yong.

An appropriate order will be entered.