IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL and GABRIELA YONG, as Parents, Guardians, and Next Friends of TIFFANY YONG,<br><br>Plaintiffs,<br><br>v.<br><br>THE NEMOURS FOUNDATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 02-147-JJF<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM ORDER

By letter dated October 18, 2006, Defendant has requested leave to file a Motion For Reconsideration Of The Court's October 17, 2006 Order denying Defendant's request to substitute Dr. Aldo Castaneda as its expert at trial. (D.I. 187). By letter dated October 19, 2006 (D.I. 188), Plaintiffs oppose Defendant's request.

This case was tried to a jury in March 2006. The trial ended in a mistrial due to the jury being unable to reach an unanimous verdict.

On March 8, 2006, Plaintiffs filed a Motion To Amend Scheduling Order To Set Retrial Date And Allow Limited Discovery (D.I. 136). Defendant did not file any motions but did oppose Plaintiffs' application. By Order dated June 2, 2006 (D.I. 154), the Court resolved Plaintiffs' Motion by granting: 1) Plaintiffs' request to depose Dr. Norwood; 2) Plaintiffs' request to take additional discovery of Defendant's expert witness Dr. Erle H. Austin; and, 3) Plaintiffs' request to designate a pediatric

cardiac surgeon as an expert witness on the issue of medical negligence. The Order denied Plaintiffs' request to designate a life-care planner as a witness. The Court scheduled the retrial to begin on October 30, 2006. On June 23, 2006, Defendant changed counsel with the entry of appearance of Erica N. Finnegan and the withdrawal of Albert H. Manwaring. Again, Defendant filed no motions concerning the retrial.

On September 21, 2006, Plaintiffs designated the pediatric cardiac surgeon it was permitted by the June 2 Order. (D.I. 168). Defendant objected to the Plaintiffs' designation as untimely. (D.I. 164, 165). Defendant also requested the Court permit it to add and/or substitute certain witnesses (D.I. 170, 172) and to file supplements to the Pretrial Order (D.I. 183). Plaintiffs objected to these requests as untimely (D.I. 167, 182, 177, 181). Accepting the Defendant's contention that it should be permitted to add an anesthesiologist to balance the presentation of evidence, the Court granted Defendant its request to add an anesthesiologist. (D.I. 186). The Court denied Defendant's request to substitute a new cardiac surgeon for Dr. Erle H. Austin who testified for Defendant at the first trial. (D.I. 186).

Further, the Court finds Defendant has not offered substantial justification to supplement the original Pretrial Order, other than Defendant is represented by new counsel. The

2

new witnesses and proffered supplements are numerous and substantial and should have been requested, at the latest, when new counsel entered their appearance on June 23, 2006, not a few weeks before the commencement of the retrial. As the Court stated in its Memorandum Opinion of June 2, 2006, absent some compelling reason, a retrial should not involve the addition of new issues, evidence, or witnesses (D.I. 153).

In sum, the Court concludes that Defendant has not demonstrated a mistake of fact or error of law that would persuade the Court to reconsider its October 17, 2006 Order.

THEREFORE, IT IS HEREBY ORDERED that Defendant's request for leave to file a Motion For Reconsideration (D.I. 187) is **DENIED**. Further, Defendant's additional requests to supplement the Pretrial Order (D.I. 183) are **DENIED**.

October 23, 2006

_____
UNITED STATES DISTRICT JUDGE

3